IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| AMERICAN FAMILY INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION |
| v. | ) ) | FILE NO. 1:16-CV-04023-RWS |
| ABDULMOHSEN ALMASSUD AND LUISA CRUZ MEZQUITAL, | ) ) ) | |
| Defendants. | ) | |

## BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO DISMISS DEFENDANT ALMASSUD'S AMENDED COUNTERCLAIMS

COMES NOW Plaintiff American Family Insurance Company ("AmFam")

and submits this brief in support of its motion to dismiss the amended

counterclaims filed by Defendant Abdulmohsen Almassud [Doc. 26].

### Part I
### Statement of the Case

AmFam brought this declaratory judgment action seeking a determination

of its obligation to provide coverage to its insured, Defendant Abdulmohsen

Almassud ("Almassud"), for a personal injury lawsuit brought against him by

Luisa Cruz Mezquital ("Mezquital") in the State Court of Fulton County.  As

outlined in AmFam's Complaint, it appears that coverage is void due to

Almassud's failure to cooperate with AmFam in the defense of the underlying action and his violation of certain policy conditions and duties, resulting in prejudice to AmFam.  For that reason, AmFam is of the opinion that it does not have a duty to provide coverage to Almassud for the judgment entered against him in favor of Mezquital.  However, Almassud has requested coverage under the AmFam policy, AmFam is continuing to defend Almassud under a reservation of rights, and Mezquital's counsel has demanded that AmFam pay the judgment (as to Almassud).  Thus, an actual controversy has arisen and now exists between AmFam and Defendants concerning whether AmFam owes coverage for the liability claims in the underlying action.

Almassud filed his Answer on December 13, 2016, denying "each and every paragraph and claim set forth in Plaintiff's Complaint for Declaratory Judgment" and stated his intent to amend his answer "as soon as possible." (Almassud's Answer and Counterclaim [Doc. 13] at 1-2.)  In his original counterclaim, Almassud sought to recover against AmFam "for AmFam's negligent or bad-faith refusal to settle Defendant Mezquital's personal injury claim within Mr. Almassud's Policy Limit when AmFam had the reasonable opportunity to do so."  (Id. at p. 2.)  With a few minor differences, Almassud's original counterclaim was virtually identical to the counterclaim filed by

Mezquital.  Like Mezquital's counterclaim, Almassud's original counterclaim asserted three counts: in Count 1, he alleges that AmFam is liable for failure to settle under the common law; in Count 2, he asserts claims for attorney fees under O.C.G.A. § 13-6-11; and in Count 3, he asserts a claim for punitive damages.  (See id.)  AmFam timely filed a motion to dismiss Almassud's original counterclaim.  [Doc. 30].

Thereafter, Almassud filed his First Amended Answer and Counterclaim as a matter of course.  (See Almassud's First Am. Answer and Counterclaim [Doc. 26].)  Almassud's Amended Counterclaim asserts five counts: in Count 1, he asserts a claim for failure to settle under the common law; in Count 2, he asserts a claim for breach of fiduciary duty; in Count 3, he asserts a claim for fraud and/or misrepresentation; in Count 4, he asserts a claim for attorneys' fees under O.C.G.A. § 13-6-11; and in Count 5, he asserts a claim for punitive damages.  (See id. at pp. 44-52.)

AmFam now moves to dismiss Almassud's Amended Counterclaims pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.[1]

---

[1] Because AmFam's original motion to dismiss Almassud's initial counterclaim became moot, it has been withdrawn.  [Doc. 39].

As discussed in more detail below, any claim for alleged failure to settle is premature before a final and non-appealable excess judgment is entered in the underlying action.  Although the State Court of Fulton County has announced that it will deny Almassud's motion for new trial, no order has yet been entered.  Moreover, all parties understand that Almassud will appeal the verdict.  Thus, there is no final judgment in the underlying action.  Because a claim for failure to settle does not accrue until there has been a final determination of the underlying claim for damages, Almassud's counterclaim is premature and subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(1).

Moreover, Almassud's other claims – breach of fiduciary duty, fraud and/or misrepresentation, attorneys' fees, and punitive damages – fail to state a claim upon which relief may be granted as a matter of law.  To that end, Georgia law is clear that an insured cannot assert tort claims against an insurer outside of the failure to settle context.  As such, all of Almassud's tort claims fail as a matter of law.

In addition, Almassud's other claims also fail as a matter of law for other reasons.  Specifically, Georgia law is clear that there is no fiduciary relationship between an insurer and insured.  Without a fiduciary relationship, there can be no claim for breach of fiduciary duty.  Further, Almassud has failed to comply

with the particularized pleading requirement for his claim for fraud and/or misrepresentation.  In addition, without an underlying substantive claim, Almassud's cannot assert claims for attorneys' fees and punitive damages as a matter of law.  Finally, Almassud's claim for attorneys' fees under O.C.G.A. § 13-6-11 is superseded in any event by O.C.G.A. § 33-4-6.

### Part II
### Argument and Citation of Authority

**A.    Standard for Motion to Dismiss**

Dismissal of a counterclaim, pursuant to Rule 12(b)(6) is appropriate "when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action."  Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).  In considering a motion to dismiss, the allegations in the counterclaim will be considered in the light most favorable to the plaintiff.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Watts v. Fla. Int'l. Univ., 495 F.3d 1289, 1295 (11th Cir. 2007).  However, a court is not required to accept the plaintiff's legal conclusions as true.  See Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)), *abrogated on other grounds by* Mohamad v. Palestinian Auth., ___ U.S. ____, 132 S. Ct. 1702 (2012).  Moreover, the Court will

not "accept as true a legal conclusion couched as a factual allegation." Bell Atl.
Corp. v. Tmombly, 550 U.S. 544, 666 (2007).

Ultimately, a counterclaim must contain "enough facts to state a claim to
relief that is plausible on its face." Twombly, 550 U.S. at 570.  To state a
plausible claim for relief, the plaintiff must plead factual content that "allows the
Court to draw the reasonable inference that the defendant is liable for the
misconduct alleged." Iqbal, 556 U.S. at 678.  "Plausibility" requires more than a
"sheer possibility that a defendant has acted unlawfully," and a complaint that
alleges facts that are "merely consistent with" liability "stops short of the line
between possibility and plausibility of 'entitlement to relief.'" Id. (citing
Twombly, 550 U.S. at 557).  "A complaint is insufficient if it 'tenders naked
assertions devoid of further factual enhancement.'" Tropic Ocean Airways, Inc.
v. Floyd, 598 F. App'x 608, 609 (11th Cir. 2014) (quoting Iqbal, 556 U.S. at 678).

"To survive a motion to dismiss, plaintiffs must do more than merely state
legal conclusions; they are required to allege some specific factual bases for those
conclusions or face dismissal of their claims." Jackson v. BellSouth Telecomms.,
372 F.3d 1250, 1263 (11th Cir. 2004); see also White v. Bank of America, NA, 597
F. App'x 1015, 1018 (11th Cir. 2014) ("[C]onclusory allegations, unwarranted

deductions of facts or legal conclusions masquerading as facts will not prevent dismissal.")).

**B.   Failure to Settle Claims are not Ripe**

The issue here is not whether AmFam acted in bad faith by not settling Mezquital's claim against Almassud within policy limits.  Rather, the issue is whether Almassud can assert a claim based on AmFam's failure to settle before final judgment in the underlying action.  Until there is a final judgment in the underlying action, including all appeals, Almassud's claim for failure to settle is premature.

The Eleventh Circuit has made clear that whether "claims are ripe is a jurisdictional issue."  Restigouche, Inc. v. Town of Jupiter, 59 F.3d 1208, 1212 (11th Cir. 1995).  "The purpose of the ripeness doctrine is 'to prevent courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements.'"  Id. (quoting Abbott Laboratories v. Gardner, 387 U.S. 136, 149 (1967)).  "Put another way, '[h]aste makes waste, and the premature adjudication of legal questions compels courts to resolve matters, even constitutional matters, that may with time be satisfactorily resolved at the local level, and that may turn out differently in different settings.'"  Temple B'Nai Zion, Inc. v. Sunny Isles Beach, 727 F.3d 1349, 1356 (11th Cir. 2013).

In the context of failure to settle claims against insurers, the Eleventh Circuit has held that such claims are premature until the underlying liability claim against the insured is final, including exhaustion of all appeals.  E.g., Romano v. Am. Cas. Co., 834 F.2d 968 (11th Cir. 1987); Fortson v. St. Paul Fire & Marine Ins. Co., 751 F.2d 1157 (11th Cir. 1985).  In Fortson, the court held that the plaintiff's failure to settle claim was premature because the plaintiff had not obtained a final tort judgment against the insured.  In so holding, the court explained that allowing failure to settle claims to be brought prematurely before the underlying tort suit is final creates "intractable proof problems and permits anomalous results."  751 F.2d at 1160-61 (noting that the damages the plaintiff sought could only be determined after the insured's liability was established and that the insurer could be held liable for failure to settle even though its insured might later be found not liable in the underlying tort suit).  Likewise, in Romano, the court affirmed dismissal of a failure to settle claim as premature because the underlying tort judgment was on appeal.  834 F.2d at 968-69.  There, the court noted that Boyd Bros. Transp. Co., Inc. v. Fireman's Fund Ins. Cos., 729 F.2d 1407 (11th Cir. 1984) "requires that the appellate process be complete before the cause of action for bad faith insurance practices is ripe," and that such a result "avoids duplicitous and unnecessary litigation."  Id. at 970.  While Romano and Fortson

involved failure to settle claims under Florida law, ripeness is a federal jurisdictional issue; thus, those cases apply even though Almassud's claims are based on Georgia law.[2]

The Supreme Court of Georgia has held that a judgment in excess of the policy limits must be entered against the insured before an action for negligent or bad faith failure to settle a case can be asserted.  Trinity Outdoor, LLC v. Cent. Mut. Ins. Co., 285 Ga. 583, 583, 679 S.E.2d 10, 10-11 (2009).  In Trinity, this Court certified two questions to the Supreme Court of Georgia.

> *The first certified question asks whether an action for negligent or bad faith failure to settle a case requires that a judgment be entered against an insured in excess of policy limits before the action can be asserted.*  The second certified question then queries, if a judgment in excess of policy limits is not required, what must a plaintiff show to prove negligent or bad faith failure to settle, and what damages are recoverable.

 Id., 679 S.E.2d at 11 (emphasis added).  The court answered the first question in the "affirmative" and, therefore, did not reach the second question.  Id., 679 S.E.2d at 11.

Likewise, under Georgia law, a judgment in excess of policy limits is a required element for a bad faith failure to settle claim.  Trinity, 285 Ga. at 587, 679

---

[2] Likewise, Georgia law regarding insurance failure to settle is materially similar to Florida law; thus, the same result should apply here.

S.E.2d at 13 (failure to settle a claim does not create bad faith liability absent an excess judgment); Cotton States Mut. Ins. Co. v. Brightman, 276 Ga. 683, 684, 580 S.E.2d 519, 521 (2003) ("An insurance company may be liable for the excess judgment entered against its insured based on the insurer's bad faith or negligent refusal to settle a personal claim within the policy limits."); S. Gen. Ins. Co. v. Holt, 262 Ga. 267, 269, 416 S.E. 2d 274, 276 (1992) ("An insurance company does not act in bad faith solely because it fails to accept a settlement offer within the deadline set by the insured person's attorney.").  As one federal district court recently noted, under Georgia law, there is no injury and, thus, no bad faith until there is a judgment entered against the insured in excess of policy limits. Morgan v. Gov't. Employees Ins. Co., No. 3:12-cv-32-J-99MMH-TEM, 2012 U.S. Dist. LEXIS 136965, *15-16 (M.D. Fla. Aug. 22, 2012) ("In a failure to settle case such as the one at bar, the last event necessary to make an actor liable for the tort is the entrance of a judgment against the insured in excess of the policy limits. This is the moment of 'injury' for purposes of this tort in a case such as this one.") (citing Delancy v. St. Paul Fire & Marine Ins. Co., 947 F.2d 1536, 1552 (11th Cir. 1991)), adopted by, 2012 U.S. Dist. LEXIS 136964 (M.D. Fla. Sept. 25, 2012). Absent an excess judgment, there can be no damages and, thus, no claim for negligent or bad faith failure to settle within policy limits.  Id.; Moon v.

Cincinnati Ins. Co., No. 1:12-cv-3112-TWT, 2013 WL 5354230, at *5 (N.D. Ga. September 23, 2013) ("With respect to plaintiffs' claim under the common law, '[a]n insurer may be liable for the excess judgment entered against its insured based on the insurer's bad faith or negligent refusal to settle a personal claim within the policy limits.'") (citing Kingsley v. State Farm Mut. Auto. Ins. Co., 353 F. Supp. 2d 1242, 1247 (N.D. Ga. 2005)).  See also Trinity Outdoor, 285 Ga. at 587, 679 S.E. 2d at 13.

Moreover, in every jurisdiction that has considered the issue, courts have adopted the rule that a bad-faith failure-to-settle claim against the insurer accrues only when there is a final and non-appealable excess judgment against the insured.  See, e.g., Connelly v. State Farm Mut. Auto. Ins. Co., 135 A.3d 1271, 1276, n.17 (Del. 2016) (collecting cases); Hughes v. Mid-Century Ins. Co., 38 Cal. App. 4th 1176, 1184-85 (1995) (holding that bad faith claim against insurer could not be maintained because underlying judgment was not final when the bad faith claim was filed); State ex rel. State Farm Fire & Cas. Co. v. Madden, 451 S.E.2d 721, 726 (W. Va. 1994) (holding that bad faith failure to settle claims could not proceed while tort claims were pending on appeal); Wilson v. Bristol W. Ins. Group, No. 2:09-CV-00006-KJD-GWF, 2009 WL 3105602, *5 (D. Nev. Sept. 21, 2009) (concluding that bad faith action against insurer was "premature[] until

there is a final judgment in the underlying bodily injury action", and noting that claim must be dismissed without prejudice because tort judgment was on appeal and could result in a new trial).  "Leading insurance law treatises and practice guides also reflect that majority position."  Connelly, 135 A.3d at 1276-77, n.18 (collecting authorities).[3]

These courts have reasoned that the rule – a failure to settle claim against an insurer accrues only once there is a final and non-appealable judgment - advances several important policy objectives, all of which apply with equal force here.  These objectives include conserving judicial resources and efficiency by avoiding duplicitous and unnecessary litigation, Romano, 834 F.2d at 970 and Connelly, 135 A.3d at 1278; preventing prejudice to the insured's defense in the tort suit, Madden, 451 S.E.2d at 726; and preventing "intractable proof problems" and "anomalous results" Fortson, 751 F.2d at 1160-61.

The holdings in these cases are also consistent with the language in the AmFam Policy and Georgia law regarding finality of judgments.  In that regard,

---

[3] The Connelly court's reference to a majority position should not suggest that a minority of jurisdictions allow plaintiffs to pursue a bad faith claim before the entry of final judgment in the underlying action. Rather, "a minority of jurisdictions have extended the time for accrual of a bad-faith failure-to-settle claim even further and held that a claim accrues only when the insured actually pay the excess judgment."  135 A.3d at 1276-77 n.17.

under the "General Conditions" Section, the AmFam Policy provides, in

pertinent part, as follows:

> 9.    Suit Against [AmFam]
>
> [AmFam] may not be sued unless all the terms of
> this policy are complied with.  *[AmFam] may not
> be sued under the liability coverage until the obligation
> of a person [AmFam] insure[s] to pay is finally
> determined either by judgment against that person at
> the actual trial or by written agreement of that person,
> the claimant and [AmFam].*  ….

(AmFam's Compl., Ex. A [Doc. 1-1] at p. 11)[4] (emphasis added).  Likewise, under

Georgia law, "a judgment is not final as long as there is a right to appellate

review."  CS-Lakeview at Gwinnett v. Retail Dev. Partners, 268 Ga. App. 480,

483, 602 S.E.2d 140, 142 (2004) (internal quotations omitted).

Here, the underlying tort judgment is not final because post-trial motions

are still pending, there is a right to appellate review, and the judgment will be

appealed within the time allowed as soon as the State Court enters a written

order denying Almassud's motion for new trial.  See O.C.G.A. § 5-6-38(a)

(providing that notice of appeal shall be filed within 30 days after order

disposing of motion for new trial is entered).  If the appeal is successful and a

new trial granted, there will no longer be any judgment against Almassud that

---

[4] The citation refers to the page number at the top of the exhibit generated by the CM/ECF System.

could serve as the basis for a failure to settle claim.  <u>Trinity Outdoor</u>, 285 Ga. at

587, 679 S.E.2d at 13.  <u>See</u> <u>also</u> <u>Holt</u>, 262 Ga. at 269, 416 S.E. 2d at 276.  If

Almassud is successful on appeal, any failure to settle claim will be moot.[5]

Accordingly, Almassud's failure to settle claim should be dismissed

without prejudice because it is not ripe, i.e., premature.  Dismissing Almassud's

premature failure to settle claim without prejudice will advance all of the

important policy objectives discussed above, which have led every court to

consider the issue to hold that a failure to settle claim is premature until all

appeals of the underlying tort judgment are complete.

## C.    <u>Insured's Cannot Assert Tort Claims against Insurers Outside the Failure to Settle Context</u>

In addition to alleging that AmFam failed to settle the underlying tort

claims, Almassud also alleges, *inter alia*, that AmFam "fail[ed] to adequately

investigate and evaluate the [tort] claim against him," ([Doc. 26] p. 44 at ¶ 91,)

"breached its duties owed to [Almassud] in the handling of Mezquital's claim,"

(<u>id.</u> at p. 46 ¶ 96,) "fail[ed] to hire and retain competent claims professionals and

… fail[ed] to train, supervise, provide time and resources to, or otherwise

manage its claims professionals," (<u>id.</u> at p. 46 ¶ 97,) breached its duty to "monitor

---

[5] However, the coverage issues will not be moot, since AmFam is continuing to defend Almassud under a reservation of rights.

and influence the defense of the claim against [Almassud] in his best interests," (id. at p. 47 ¶ 101,) and breached its duty to "retain independent counsel that will look out solely for Mr. Almassud's interests" (id. at p. 47 ¶ 102).  However, Almassud cannot assert tort claims against AmFam outside of the failure to settle context.

Georgia law is clear that a party "may not sue in tort for a defendant's mere breach of a duty imposed by an insurance contract."  Camacho v. Nationwide Mut. Ins. Co., 13 F. Supp. 3d 1343, 1363 (N.D. Ga. 2014) (quoting Delancy v. St. Paul Fire & Marine Ins. Co., 947 F.2d 1536, 1545 (11th Cir. 1991)). As this Court recognized in Camacho,

> outside of th[e] narrow context [of failure to settle], Georgia law is clear that improper claims handling is a matter of contract, not tort.  Tate v. Aetna Cas. & Sur. Co., 149 Ga. App. 123, 253 S.E.2d 775, 776 (Ga. Ct. App. 1979) (upholding summary judgment on the grounds that insured's claims were not supported by an independent duty in tort when insured alleged that insurer was negligent in, among other grounds, "violating accepted standards in the industry; in violating its own ethical standards; in using an unlicensed and incompetent adjuster and personnel").

Id.  Based on its reasoning, this Court concluded that, under Georgia law, the tort claims against the insurer outside the failure to settle context failed as a matter of law.  Id. at 1363-64.

Here, Almassud asserts various tort claims against AmFam – breach of fiduciary duty (Count 3) and fraud and/or misrepresentation (Count 4) – that are outside the "narrow context" of failure to settle.  (See [Doc. 26] at pp. 47-50 ¶¶ 100-10.)  Likewise, although contained within his failure to settle claim (Count 1), Almassud makes various tort-based allegations against AmFam which are also outside the "narrow context" of failure to settle.  (See id. at pp. 44, 46 ¶¶ 90-91, 96-97.)  Because "no independent duty to handle the claims with care exists in tort under Georgia law," Almassud's tort claims based on allegations outside the "narrow context" of failure to settle fail as a matter of law.  Camacho, 13 F. Supp. 3d at 1363-64.

## D.   There is no Fiduciary Duty as a Matter of Law

In Count 2 of Almassud's Amended Counterclaims, he asserts a claim for breach of fiduciary duty.  (See [Doc. 26] at pp. 47-48 ¶¶ 100 — 03.)  A claim for breach of fiduciary duty has three elements: "(1) the existence of a fiduciary duty; (2) breach of that duty; and (3) damage proximately caused by the breach." SunTrust Bank v. Merritt, 272 Ga. App. 485, 489, 612 S.E.2d 818, 822 (2005).

Almassud's claim fails as a matter of law because there is no fiduciary duty between an insurer, like AmFam, and an insured, like Almassud, under Georgia law.  See, e.g., Nash v. Ohio Nat'l Life Ins. Co., 266 Ga. App. 416, 422,

597 S.E.2d 512, 518 (2004); <u>Fowler v. Prudential Prop. & Cas. Ins. Co.</u>, 214 Ga. App. 766, 767, 449 S.E.2d 157, 158 (1994); <u>State Farm Fire & Cas. Co. v. Fordham</u>, 148 Ga. App. 48, 51, 250 S.E.2d 843, 845-46 (1978); <u>Walsh v. Campbell</u>, 130 Ga. App. 194, 198, 202 S.E.2d 657, 661 (1973).  Notably, in <u>Camacho</u>, this Court rejected the argument that "the duties insurers owe their insured rise to the level of fiduciary when 'defending or settling a third-party claim on behalf of the insured.'"  13 F. Supp. 3d at 1364.

Because there is no fiduciary duty between an insurer, like AmFam, and an insured, like Almassud, under Georgia law, Almassud's claim for breach of fiduciary duty fails as a matter of law.  Accordingly, the claim should be dismissed with prejudice.

**E.**     **<u>Fraud/Misrepresentation Claims Fail as a Matter of Law</u>**

In Count 3 of Almassud's Amended Counterclaims, he asserts a claim for fraud and/or misrepresentation.  (<u>See</u> [Doc. 26] at pp. 49-50 ¶¶ 104-10.)  This claim fails as a matter of law because it fails to comply with the particularized pleading requirement.

As an initial matter, it appears that the entire thrust of Almassud's counterclaim for fraud and/or misrepresentation is that AmFam has made misrepresentations in the allegations in its Complaint for Declaratory Judgment.

(See [Doc. 26] at pp. 49-50 ¶¶ 104-10.)  AmFam vehemently denies any misrepresentations in its allegations.  However, even assuming *arguendo* that Almassud were correct, which he is not, a tort claim for fraud is not the appropriate remedy.  Indeed, this Court has a specific rule in place to address accusations of false or improper allegations.  See Fed. R. Civ. P. 11(b).  It appears that Almassud seeks to avoid complying with the procedural requirements of Rule 11 by simply framing his accusations in terms of a tort claim for fraud.  This should not be condoned.  See Royal Surplus Lines Ins. Co. v. Coachman Indus., 184 F. App'x 894, 903 (11th Cir. 2006) (affirming dismissal of insured's bad faith counterclaim, and noting that the "entire thrust of" the claim was that insurer should not have filed breach of contract action and the insured essentially sought "damages for defending this suit").  Accordingly, AmFam respectfully requests that the Court dismiss with prejudice Almassud's counterclaim for fraud and/or misrepresentation.

## 1.   Almassud's Allegations are Insufficient as a Matter of Law

Federal Rule of Civil Procedure 9(b) provides that, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  As this Court has explained,

> A plaintiff satisfies Rule 9(b) by stating: "(1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, (3) the content of such statements and the manner in which they misled plaintiff, and (4) what the defendants obtained as a consequence of the fraud."

Crawford v. Green Tree Servs., LLC, No. 2:14-CV-00279-RWS, 2015 U.S. Dist. LEXIS 40879, *6 (N.D. Ga. Mar. 31, 2015) (quoting U.S. ex rel. Clausen v. Lab. Corp. of Am., Inc., 290 F.3d 1301, 1310 (11th Cir. 2002)).  "In other words, 'to avoid dismissal, a complaint alleging fraud must plead the who, what, when, where and how' of the alleged fraud."  Brown v. Suntrust Bank, No. 2:14-CV-0014-RWS-JSA, 2014 U.S. Dist. LEXIS 137926, *22 (N.D. Ga. Sept. 30, 2014).

Here, Almassud's claim for fraud and/or misrepresentation completely fails to comply with Rule 9(b)'s particularity standard of pleading.  Rather than adequately plead his purported claim for fraud and/or misrepresentation, Almassud asserts conclusory allegations, such as "AmFam has purposefully and knowingly misrepresented its actual knowledge of the Jeep as an off-road vehicle"; "AmFam has purposefully and knowingly misrepresented its investigation of the claim, the questions it asked Mr. Almassud and the answers he provided"; and "AmFam represented that it was acting in the best interest of

Mr. Almassud in the Underlying Lawsuit." ([Doc. 26 at p. 49 ¶¶ 105-07, 108.)  As this Court has explained, "[s]uch conclusive statements plainly fail to meet Rule 9(b)'s specificity requirements."  <u>Crawford</u>, 2015 U.S. Dist. LEXIS 40879 at *6-7.

Because Almassud has failed to satisfy the pleading requirement under Rule 9(b), his claim for fraud and/or misrepresentation should be dismissed as a matter of law.  <u>See</u>, <u>e.g.</u>, <u>id.</u> at *6-7 (dismissing claims for fraud because allegations failed to satisfy Rule 9(b)); <u>Brown</u>, 2014 U.S. Dist. LEXIS 137926 at *20-24 (dismissing claims for negligent misrepresentation due to plaintiff's failure to comply with Rule 9(b)); <u>Dalton v. State Farm Fire & Cas. Co.</u>, No. 1:12-CV-02848-RWS, 2013 U.S. Dist. LEXIS 40877, *7-9 (N.D. Ga. Mar. 22, 2013) (dismissing fraud claims against insurer because plaintiffs failed to point "to a specific representation or omission that is alleged to be fraudulent, the time or place such representation or omission was made, the person or persons responsible for making it, or how Plaintiffs were misled thereby").

**F.**   **<u>Claims for Attorneys' Fees and Punitive Damages fail as a Matter of Law</u>**

In Counts 4 and 5, Almassud asserts claims for attorneys' fees under O.C.G.A. § 13-6-11 and for punitive damages.  (<u>See</u> [Doc. 26] at pp. 50-52 ¶¶ 111-17.)  Because, as explained above, all of Almassud's substantive claims fail as a matter of law, both of these claims also fail as a matter of law since they require

the existence of an underlying substantive claim.  See, e.g., Byrne v. Nezhat, 261 F.3d 1075, 1093 n. 34 (11th Cir. 2001) (punitive damages); Gilmour v. Gates, McDonald and Co., 382 F.3d 1312, 1316 (11th Cir. 2004) (attorney's fees and litigation expenses under O.C.G.A. §  13-6-11); Woodhull Corp. v. Saibaba Corp., 234 Ga. App. 707, 713, 507 S.E.2d 493, 498 (1998) (holding that a party "is not entitled to punitive damages if [he] fails to set out a cause of action in tort"); Bldg. Materials Wholesale, Inc. v. Triad Drywall, LLC, 287 Ga. App. 772, 778, 653 S.E.2d 115, 120 (2007) ("Because litigation expenses (costs and attorney fees) are wholly ancillary, they are not recoverable when no damages are awarded.").

Moreover, Almassud's claim for attorneys' fees under O.C.G.A. § 13-6-11 fails as a matter of law for the additional reason that it is superseded by O.C.G.A. § 33-4-6.  Georgia law is clear that O.C.G.A. § 33-4-6 is the exclusive remedy for the bad faith denial of insurance benefits "so that litigation expenses under O.C.G.A. § 13-6-11 are not recoverable."  Atlantic Title Ins. Co. v. Aegis Funding Corp., 651 S.E.2d 507, 510 (Ga. Ct. App. 2007).  See also Hickory Grove Missionary Baptist Church, Inc. v. Church Mut. Ins. Co., No. 5:11-CV-407 (CAR), 2014 WL 1159592, *5 (M.D. Ga. Mar. 21, 2014) (explaining that because O.C.G.A. § 33-4-6 "provides the exclusive remedy for [an insurer]'s bad faith refusal to pay a claim," an insured cannot assert a claim under O.C.G.A. § 13-6-11).

Accordingly, Almassud's claim for attorneys' fees under O.C.G.A. § 13-6-11 should be dismissed as a matter of law.

## Part III
## <u>Conclusion</u>

WHEREFORE, for the foregoing reasons, Plaintiff American Family Insurance Company respectfully requests that the Court dismiss the Amended Counterclaims pled by Defendant Abdulmohsen Almassud.

This 27th day of January, 2017.

SWIFT CURRIE McGHEE & HIERS, LLC

s/ David M. Atkinson

_____
David M. Atkinson
Georgia Bar No. 026460
Jonathan J. Kandel
Georgia Bar No. 940584
Attorneys for Plaintiff

1355 Peachtree Street, N.E.
The Peachtree, Suite 300
Atlanta, GA  30309
(404) 874-8800
david.atkinson@swiftcurrie.com
jonathan.kandel@swiftcurrie.com

## <u>CERTIFICATE</u>

Pursuant to L.R. 7.1 D, undersigned counsel certifies that the foregoing

brief was prepared in Book Antigua, 13 point font.

/S/David M. Atkinson

_____

David M. Atkinson

## CERTIFICATE OF SERVICE

I hereby certify that on January 27, 2017, I electronically filed the foregoing *Brief in Support of Motion to Dismiss Defendant Abdulmohsen Almassud's Amended Counterclaims* with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of said filing to the following attorneys of record:

> Ben C. Brodhead
> Ashley B. Fournet
> Brodhead Law, LLC
> 3350 Riverwood Parkway, Suite 2230
> Atlanta, GA  30339
>
> James (Jay) Sadd
> Richard E. Dolder
> Slappey & Sadd
> 352 Sandy Springs Circle
> Atlanta, GA  30328

s/ David M. Atkinson

_____

David M. Atkinson
