**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| AMERICAN FAMILY<br>INSURANCE COMPANY, | : <br> : <br> : | |
| Plaintiff, | : <br> : | CIVIL ACTION NO. |
| v. | : <br> : | 1:16-CV-4023-RWS |
| ABDULMOHSEN ALMASSUD<br>and LUISA CRUZ MEZQUITAL, | : <br> : <br> : | |
| Defendants. | : <br> : | |

## **ORDER**

This case comes before the Court on Plaintiff American Family Insurance Company's Motion for Reconsideration of Rulings Staying the Case [254] and nine other motions: AmFam's Motion to Amend the Complaint [117]; Defendant Luisa Cruz Mezquital's Motion to Amend Answer and Affirmative Defenses [167]; AmFam's Emergency Motion for Sanctions Against Defendant Abdulmohsen Almassud [188] and AmFam's Motion for Leave to File a Supplemental Brief in Support of that Motion [235]; Cruz's Emergency Motion for Sanctions Against AmFam [189]; Cruz's Emergency Motion for Reconsideration [208]; Almassud's Partial Motion for Summary

Judgment [216]; and AmFam's Emergency Motion for an Order Holding in Abeyance Almassud's Partial Motion for Summary Judgment [230]. After reviewing the record, the Court enters the following Order.

## I. AmFam's Motion for Reconsideration [254]

After a motor vehicle accident Cruz filed a personal injury suit against Almassud in the State Court of Fulton County (the "underlying case" or "state court action"). The underlying case went to trial and resulted in a jury verdict against Almassud and in favor of Cruz in the amount of $30,485,646.29.

After judgment was entered in Cruz's favor, Almassud's counsel filed a motion for new trial. The trial court heard argument on that motion on December 21, 2016 and denied it. As a result, Almassud appealed the verdict.

Meanwhile, AmFam brought this declaratory judgment action seeking a determination of its obligation to provide coverage to its insured, Almassud, for the underlying case. AmFam alleges that Almassud's coverage is void due to his failure to cooperate with AmFam in the defense of the underlying case and for providing AmFam with false and incomplete information. Cruz and Almassud each filed counterclaims against AmFam asserting claims for bad faith failure to settle, among other things. On March 15, 2017, the Court

entered an Order [53] dismissing, without prejudice, Almassud's failure to settle claim as premature lacking a final and non-appealable excess judgment.[1]

On March 15, 2018, the Court of Appeals of Georgia issued an opinion in the underlying case finding that "the trial court erred in failing to instruct the jury on a substantial and vital issue presented by the pleadings and the evidence . . . ." Almassud v. Mezquital, 811 S.E.2d 110, 111 (Ga. Ct. App. 2018), reconsideration denied (Mar. 28, 2018). The underlying case is now with the state's Supreme Court. The parties have briefed the threshold issue of certiorari, but the Supreme Court of Georgia is yet to grant or deny the petition.

In light of these developments in the state case–as well as a flood of motions crimping discovery and impeding forward progress–the Court ordered the parties (along with their clients) to appear for a status conference. The status conference was held on June 7, 2018, and during those proceedings, the Court indicated that it intended to dispose of all pending motions and stay this matter, *sua sponte*, until the underlying case is resolved. In its Motion for

---

[1] The Court also dismissed Almassud's fraud claim for failing to comply with Federal Rule of Civil Procedure 9(b).

3

Reconsideration, AmFam asks the Court to reconsider this position.[2] The Court lays out the relevant legal standards before considering AmFam's Motion on the merits.

### A. Legal Standard–Motions to Reconsider

Under the Local Rules of this Court, "[m]otions for reconsideration shall not be filed as a matter of routine practice[,]" but rather, only when "absolutely necessary." LR 7.2(E), N.D. Ga. Such absolute necessity arises where there is "(1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact." Bryan v. Murphy, 246 F. Supp. 2d 1256, 1258–59 (N.D. Ga. 2003).

### B. The Court's Discretion to Stay

A district court has the discretion to stay proceedings otherwise before it; this authority is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for

---

[2] During the June 7 status conference, the Court also stated that it intended to enter a written Order consistent with its oral representations. But, prior to the entry of such an Order, AmFam preemptively filed the present Motion for Reconsideration, citing the minute sheet from those proceedings [252]. The Court, recognizing the dearth of opportunities given to the parties to raise arguments about the stay, directed the parties to submit additional briefing on the matter (Dkt. [256]). They did, and the Court has read those briefs and considered the arguments set forth therein.

4

itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936); see also Clinton v. Jones, 520 U.S. 681, 706 (1997) (discussing district court's "broad discretion to stay proceedings as an incident to its power to control its own docket"). For that reason, a district court may, as a general matter, "stay a case pending the resolution of related proceedings in another forum." Ortega Trujillo v. Conover & Co. Commc'ns, Inc., 221 F.3d 1262, 1264 (11th Cir. 2000).

A variety of factors may be considered when deciding whether to stay a case in favor of related litigation, such as issues of docket control and principles of abstention. Id. Ultimately, the best outcome is reached when the court "weigh[s] competing interests and maintain[s] an even balance." Landis, 299 U.S. at 254.

C.   Analysis

AmFam argues the Court should reconsider its oral rulings at the June 7 status conference and subsequent minute entry staying this matter because the stay is immoderate and the interests of all those involved are best served by allowing the case to proceed.

In arguing the stay is immoderate–or, essentially, unlimited in

5

duration–AmFam relies predominately on the Eleventh Circuit's decision in Ortega Trujillo v. Conover & Co. Commc'ns. There, the district court entered a stay, *sua sponte*, pending resolution of a related case in the Bahamas. Trujillo, 221 F.3d at 1263–64. The Bahamian case involved the Ortegas' alleged misappropriation of funds from a bank, and the domestic one the bank's allegedly defamatory press release about the Ortegas' purported fraud scheme. Id. at 1263. The district judge, then, reasoned that since "the issues addressed by the Bahamian Litigation directly relate to those raised [in this case]," the court should stay the "matter until such time as the Bahamian Courts conclude their review." Id. at 1264. On appeal, the Eleventh Circuit vacated the stay, however, finding it to be "indefinite in scope" (or, immoderate) as it "appear[ed] to expire only after a trial of the Bahamian case and the exhaustion of appeals in that case." Id.; see also Landis, 299 U.S. at 257 (A "stay is immoderate and hence unlawful unless so framed in its inception that its force will be spent within reasonable limits, so far at least as they are susceptible of prevision and description.")

  A conspicuous difference separates Trujillo from this case, though. And that is that AmFam filed this case pursuant to the Declaratory Judgment Act.

6

"In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judgment." Wilton v. Seven Falls Co., 515 U.S. 277, 288 (1995). This is because the Declaratory Judgment Act is "an enabling Act, which confers a discretion on courts rather than an absolute right upon the litigant." Id. at 287 (citations omitted); Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491, 494 (1942) (explaining that the Declaratory Judgment Act gives federal courts the ability to make a declaration of rights, but it does not impose a duty to do so).

Because of the broad discretion the Declaratory Judgment Act endows, the Court finds AmFam's arguments about the indefiniteness of the stay to be misplaced. Indeed, courts in this Circuit have stayed declaratory judgment actions until the resolution of underlying state court proceedings on many occasions, see, e.g., Great Lakes Reinsurance (UK) PLC v. TLU Ltd., 298 F. App'x 813 (11th Cir. 2008); and, on others, dismissed the declaratory judgment case outright, see, e.g., Ameritas Variable Life Ins. Co. v. Roach, 411 F.3d 1328, 1332 (11th Cir. 2005). See also Wilton, 515 U.S. at 286 (explaining courts' "substantial latitude in deciding whether to stay or dismiss a declaratory

7

judgment suit in light of pending state proceedings").[3]

Still, the Court recognizes that its discretion to stay "must not be exercised lightly." Hartford Underwriters Ins. Co. v. Spizzirri, No. 1:09-CV-1277-BBM, 2009 WL 10669603, at *2 (N.D. Ga. Dec. 11, 2009) (quoting Home Ins. Co. v. Coastal Lumber Co., 575 F. Supp. 1081, 1083 (N.D. Ga. 1983)). And after evaluating the interests of the litigants, considering relevant factors, and reviewing the ample precedent in this Circuit, the Court

---

[3] The Court recognizes that, in this Circuit, it remains uncertain whether the abstention principles described in Brillhart/Wilton and attenuate factors articulated by the Eleventh Circuit in Ameritas apply only when there is parallel state litigation, or if they extend to circumstances where a federal declaratory judgment case is merely related (but not parallel) to a state court action. For the purposes of this Order, the Court need not resolve that issue. The Court notes, however, that in an unpublished opinion, the Eleventh Circuit provided the following guidance:

> Although in *Ameritas*, we reviewed the district court's discretionary dismissal of a federal declaratory judgment action in the face of a parallel state proceeding—one involving substantially the same parties and substantially the same issues—we have never held that the *Ameritas* factors apply only when reviewing parallel actions. Indeed, nothing in the Declaratory Judgment Act suggests that a district court's discretionary authority exists only when a pending state proceeding shares substantially the same parties and issues. Rather, the district court must weigh all relevant factors in this case, even though the state and federal actions were not parallel.

First Mercury Ins. Co. v. Excellent Computing Distributors, Inc., 648 F. App'x 861, 866 (11th Cir. 2016) (footnote and internal citation omitted).

8

finds it would be inappropriate, at this stage, to stay the case entirely pending resolution of the underlying matter.

However, some narrowing in scope is necessary given the present posture of the state court action. Specifically, the Court finds that discovery should be stayed until such time as the parties have briefed and the Court has considered certain arguments raised in Almassud's Partial Motion for Summary Judgment [216]–which could significantly narrow the issues before the Court–or the underlying case has been resolved, whichever is sooner.

"Matters pertaining to discovery are committed to the sound discretion of the district court . . . ." Patterson v. U.S. Postal Serv., 901 F.2d 927, 929 (11 Cir. 1990). And so a court has broad discretion to stay discovery. See Scroggins v. Air Cargo, Inc., 534 F.2d 1124, 1133 (5th Cir. 1976); Earwood v. Essex Ins. Co., No. 1:15-CV-4433-SCJ, 2016 WL 9000041, at *2 (N.D. Ga. Oct. 12, 2016) (staying discovery *sua sponte* in consolidated case until dueling motions for summary judgment could be resolved).

Weighing the competing interests, the Court finds there is good cause to stay discovery here. Indeed, many of the issues that have stymied discovery and the progression of this matter stem from the potential for a new trial in the

9

underlying case. Those disputes have arisen from Cruz's fear of disclosing information not sought or not discoverable in the underlying case. To be sure, the brunt of discovery in this case concerns, as it must, the underlying matter. But AmFam has gone further and specifically targeted communications and evidence regarding trial strategy that, although likely discoverable in this action, (<u>see</u> Order, Dkt. [202] at Part I.C), is certainly privileged in the underlying case. For that reason, continuing discovery, here, will inevitably interfere with the underlying case, should it be retried. In the present posture where a retrial has been ordered by the Georgia Court of Appeals, this would be, in the Court's opinion, impermissibly prejudicial to the parties involved, not to mention the judge retrying the case. The Court does not want to detract from the state court's ability to conduct fair and impartial proceedings.

Further, the Court recognizes that a great deal of discovery has already been accomplished, and as a result, potentially dispositive issues appear ripe for adjudication–at a minimum, the estoppel argument raised in Almassud's Partial Motion for Summary Judgment. These arguments, if successful, might render additional discovery unnecessary and avoid potential frustration of the state court proceedings. Thus, the Court finds it is in the interest of comity and

10

most equitable to all those involved to stay discovery until the Court has had an opportunity to consider any potentially dispositive arguments supported by the current record or until a final resolution of the underlying case.

## II. Remaining Matters

In light of the stay, the Court resolves all other outstanding Motions as follows:

- AmFam's Motion to Amend the Complaint [117] is **GRANTED**. The Clerk is **DIRECTED** to docket the Amended Complaint [117-1].

- Cruz's Motion to Amend Answer and Affirmative Defenses [167] is **GRANTED**. All Defendants are **ORDERED** to file responsive pleadings to AmFam's Amended Complaint no later than 14 days after the entry of this Order.

- AmFam's Emergency Motion for Sanctions Against Almassud [188] and Motion for Leave to File a Supplemental Brief in Support of that Motion [235] are **DENIED, without prejudice**. Cruz's Emergency Motion for Sanctions Against AmFam [189] is likewise **DENIED, without prejudice**.

11

- Cruz's Emergency Motion for Reconsideration [208] is **GRANTED**, and the portion of the Court's February 16, 2018 Order requiring Cruz to produce the documents responsive to AmFam's first discovery requests which were submitted to the Court for an *in camera* review (Order, Dkt. [202] at Part I.C) is hereby **VACATED**.[4]

- Almassud's Partial Motion for Summary Judgment [216] is **DENIED, without prejudice** because AmFam's original Complaint is no longer the operative pleading.

- AmFam's Emergency Motion for an Order Holding in Abeyance Almassud's Partial Motion for Summary Judgment [230] is **GRANTED**.

Any party that filed a motion denied without prejudice shall have the right to refile that motion, if the party chooses to do so. As mentioned above, some of the arguments in these motions appear to be supported by the present

---

[4] The Court notes that if the underlying case is resolved, the majority of Cruz's concerns over the production of these materials will lose viability. At that time, then, should Cruz maintain her present objections, AmFam may file another motion to compel, and the Court will enter an Order, as appropriate.

12

record. At the same time, the Court recognizes that since these Motions were filed, a lot has transpired in this case that might affect their merits. Should they feel the contentions raised in these Motions are adequately supported by the present record, the parties may refile them, verbatim or revised, and the Court will decide the Motions. If not, the parties may refile their Motions once discovery has resumed and a sufficient record been developed.

## Conclusion

As described above, the Court hereby **STAYS** discovery in this case until such time as the parties have briefed and the Court has considered any potentially dispositive arguments supported by the current record or until a final resolution of the underlying case. For that reason, AmFam's Motion for Reconsideration of Rulings Staying the Case [254] is **GRANTED**. All other pending Motions are resolved as set out in Part II of this Order.

**SO ORDERED**, this 13th day of September, 2018.

_____
**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)