IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| AMERICAN FAMILY INSURANCE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> ABDULMOHSEN ALMASSUD, LUISA CRUZ MEZQUITAL <br><br> Defendants. | Civil Action No. <br><br> 1:16-cv-4023-RWS |

## ORDER

This case comes before the Court on Plaintiff American Family Insurance Company's Motion for Attorney's Fees [Dkt. 303], Motion to Amend the Complaint [Dkt. 318], and Renewed Motion to Compel [Dkt 350]; Defendant Almassud's Motion for Summary Judgment on Mootness and to Realign the Parties [Dkt. 312]; and Defendant Cruz's Motion to Drop Party [Dkt. 349]. Having reviewed the record, the Court enters the following Order.

**1. AmFam's Motion for Attorney's Fees [Dkt. 303]**

The determination of a reasonable attorney's fee is left to the sound discretion of the trial judge after proper application of a lodestar fee analysis. See M.H. v. Comm'r of the Georgia Dep't of Cmty. Health, 656 F. App'x 458, 461

(11th Cir. 2016) (citing <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 432 (1983)). AmFam contends that, based on its lodestar calculations, it is entitled to $340,000 in attorney's fees. Mr. Almassud charges that AmFam's total is unreasonable.

Most of Mr. Almassud's objections fall flat, however. First, as AmFam correctly notes, his ability to pay does not form part of the lodestar calculation. <u>Carlucci v. Piper Aircraft Corp.</u>, 775 F.2d 1440, 1453 n.12 (11th Cir. 1985). And in any event, Mr. Almassud still has an active counterclaim for which he seeks damages well in excess of the total sanction award. Next, the rates charged by AmFam's counsel are well within the range typically accepted by courts. <u>See, e.g.</u>, <u>M.H. v. Comm'r</u>, 656 F. App'x at 462. Finally, AmFam has properly established the number of hours its counsel worked, which Mr. Almassud—but for a very small percentage—has failed to rebut. Moreover, much of this work was required because Mr. Almasssud could not be trusted to have made full disclosures.

Mr. Almassud's remaining challenge compares the amount spent on his defense in the case below to the amount AmFam spent to protect its own interest. The difference is stark, but it does not bear on the lodestar. So, his request to (essentially) nullify the award is unfounded. Still, the Court finds some merit in the contention that the amount of work AmFam's counsel spent appears overly large. Given that, and given the current posture of the case, the Court in its discretion

finds that a downward adjustment is warranted. Accordingly, AmFam's Motion for Attorney's Fees [Dkt 303] is **GRANTED in part**.

Having considered the lodestar amount as well as the other relevant factors in this case, the Court finds that the proper amount of attorney's fees to be awarded as a sanction is **$250,000**. Judgment in favor of AmFam will be entered for that amount at the conclusion of the case.

### 2. AmFam's Renewed Motion to Compel [Dkt. 350]

AmFam's Renewed Motion to Compel [Dkt. 350] is **GRANTED**, for the reasons explained in the Court's prior Order [Dkt. 202]. There the Court ordered Ms. Cruz "to produce all documents responsive to AmFam's First Requests for Production that were submitted to the Court for in camera review." Id. at 16. That Order was stayed pending the conclusion of the case below. [See Dkt. 260]. Ms. Mezquital has failed to demonstrate that the Court should depart from its prior ruling, now that the underlying case has concluded. Accordingly, she is **ORDERED** to produce the responsive discovery as required by the prior Order.

### 3. Cruz's Motion to Drop Party [Dkt. 349]

Ms. Cruz's Motion to Drop Herself as a Party [Dkt. 349] is **DENIED without prejudice**. Once Ms. Cruz has complied with her discovery obligations, above, she may file a renewed Motion.

**4. Remaining Motions**

As for the remaining Motions, [Dkt. 312, Dkt. 318], the Court believes that resolution will be aided by oral argument. Accordingly, the Clerk is **DIRECTED** to **SCHEDULE A HEARING** as soon as practicable.

**SO ORDERED** this 13th day of October, 2020.

_____
**RICHARD W. STORY**
United States District Judge