IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| AMERICAN FAMILY INSURANCE COMPANY, ) ) ) Plaintiff, ) ) v. ) ) ABDULMOHSEN ALMASSUD, ) ) Defendant. ) ) | CIVIL ACTION FILE NO. 1:16-cv-04023-RWS |

**MOTION FOR JUDGMENT ON THE PLEADINGS**
**REGARDING CLAIM FOR BREACH OF COOPERATION CLAUSE**

An insurer's sole remedy for breach of the cooperation clause is coverage denial. Even if an insured willfully breaches the cooperation clause and causes prejudice, the insurance company has no cause of action for money damages as a matter of law. Accordingly, pursuant to Rule 12(c), Abdulmohsen Almassud ("MJ") respectfully moves the Court for Judgment on the Pleadings with respect to American Family Insurance Company's claim for breach of the cooperation clause.

**1.    Applicable standard.**

"Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Perez*

*v. Wells Fargo*, 774 F.3d 1329, 1335 (11th Cir. 2014).  "In determining whether a party is entitled to judgment on the pleadings, we accept as true all material facts alleged in the non-moving party's pleading." *Id.*  Although MJ has moved to reinstate his failure-to-settle claim (doc 371), that motion has not yet been granted.  At this time, therefore, the pleadings are "closed", and this motion is timely.  *See*, *Lillian B. v. Gwinnett Sch. Dist.*, 631 F. App'x 851, 853 (11th Cir. 2015).

### 2. If the cooperation clause is a condition precedent, a breach by the insured does not give an insurer a cause of action.

Because an insured's failure to cooperate "does not create an affirmative cause of action," an insurer's claim for money damages for such a breach fails as a matter of law.  *Philadelphia Indem. Ins. Co. v. Stebbins*, 2002 WL 31875596, *6 (N.D. Tex.).  The duty to cooperate is a condition precedent to coverage, and "a breach of those conditions does not create an affirmative cause of action."  *Beaufort Dedicated No. 5, Ltd. v. USA Daily Exp., Inc.*, 2012 WL 6608869, at *8 (S.D. Tex.) (duty to cooperate under first-party policy).  *See also*, *Evanston Ins. Co. v. Tonmar, L.P.*, 669 F. Supp. 2d 725, 732 (N.D. Tex. 2009) (ruling that insurer had no cause of action for breach of cooperation clause).

In *Stebbins*, like in this case, the insurer initiated an action against its insured following a judgment against the insured in an underlying action that the insurer had defended.  2002 WL 31875596 at *1.  Also like in this case, the insurer later

amended its complaint to add a breach of contract claim against the insured for allegedly breaching the cooperation clause and increasing the defense costs of the underlying lawsuit. *Id*. at *1. The cooperation clause required the insured to "[c]ooperate with us in the investigation or settlement of the claim or defense against the suit." *Id*. at *5.[1]

The *Stebbins* court identified the issue as whether the "cooperation clause constitutes a condition precedent which an insured must satisfy to be entitled to coverage under a policy" thereby not giving an insurer an affirmative cause of action against its insured, or whether the cooperation clause "is a promise" such that "an insured's failure to cooperate can give rise to a cause of action for damages." *Id*. at *5.

The court began with the observation that under applicable state law "an insured's breach of a cooperation provision relieves an insurer of liability on the policy." *Id*. at *5. Referring to authoritative insurance treatises, the court further noted that the cooperation clause is defined as a "condition precedent to liability under the [insurance] contract, or as a condition subsequent which may operate as a defense of a liability which has already attached." *Id*. at *5. Finally, the court

---

[1] AmFam's cooperation clause is essentially identical. (Doc 1-1, p. 11 of 19, ¶6).

acknowledged reality by noting that litigation over cooperation arises "in a discrete context", *i.e.*, "when an insurer seeks to avoid liability by claiming that its insured has breached a condition of the policy [and] notably *not* where an insurer is suing its insured for breach of contract." *Id.* at *6 (emphasis in original).

The insurer argued that although "most breaches of cooperation clauses do not give rise to quantifiable monetary damages," the breach it alleged was unique. *Id.* at *6. The insurer further argued that the cooperation clause should not be viewed as a "condition precedent," but as "promise" that the insured broke. *Id.* The court rejected these arguments, noting that "the only applicable case law treats cooperation clauses as conditions precedent, relieving an insurer of liability rather than creating an affirmative cause of action against its insured." *Id.* at *6. The court further reasoned that the policy in question listed the cooperation clause in a section entitled "Commercial General Liability Conditions."[2] Thus, the court concluded "such a breach [by the insured] does not create an affirmative cause of action" for an insurer. *Id.* at *6.

In determining state law, the Ninth Circuit "characterized the insured's duty to cooperate as a condition precedent to coverage, *not* as a basis on which to assert

---

[2] AmFam's policy is similar, listing its cooperation clause in a section titled "General Conditions." (Doc 1-1, p. 10 of 19).

4

an independent cause of action." *Ins. Co. State of Pennsylvania v. The Roman Cath. Archbishop of L.A.*, 227 F. App'x 643, 644 (9th Cir. 2007) (emphasis in original). *But see*, *Travelers v. Centex Homes*, 2014 WL 2801050, at *1 (E.D. Cal.) (declining to apply the previously cited Ninth Circuit opinion).

Other conditions precedent are treated the same as a cooperation clause and give rise to no cause of action. *Koken v. Auburn Mfg., Inc.*, 2004 WL 51100 (D. Me.). In *Koken*, an insurer paid a claim and sued its insured for destroying evidence that would have allowed the insurer to recover via subrogation. The insurer relied on a condition requiring that the insured "shall do nothing" to impair the insurer's subrogation rights. The court ruled the insurer had no cause of action for breach of contract on that theory, in part, because the provision was a "condition precedent" to coverage and not "an actionable promise." *Id*. at *4.

The Restatement of the Law of Liability Insurance also suggests that the failure to cooperate does *not* provide an affirmative cause of action for money damages: "An insured's breach of the duty to cooperate relieves an insurer of its obligations under an insurance policy. . ." Restatement of the Law of Liability Insurance § 30(1) (2019). The Restatement does not outline any other remedy. In comments, moreover, the Restatement echoes the logic of *Stebbins* and *Koken* with regard to the distinction between a promise and condition, noting that "[i]f the

5

insured's duty to cooperate were treated entirely as a promise, the breach of this duty would subject the insured to liability for damages, not to the forfeiture of coverage." Restatement of the Law of Liability Insurance § 30 (2019), comment c.

### 3. In Georgia, the cooperation clause is a condition precedent to coverage, and no Georgia law gives an insurer a cause of action for its breach.

The Georgia Court of Appeals has expressly stated that the duty to cooperate is a condition precedent to coverage. *KHD Deutz of Am. Corp. v. Utica Mut. Ins. Co.*, 220 Ga. App. 194, 195 (1996). *See also*, *H.Y. Akers & Sons v. St. Louis Fire & Marine Ins. Co.*, 120 Ga. App. 800, 803 (1969) (referring to duty to cooperate "as a condition precedent") and *Wolverine Ins. Co. v. Sorrough*, 122 Ga. App. 556, 562 (1970). Georgia treatises agree. Ga. Prop. & Liab. Ins. Law § 6:11, Duty to Cooperate (2020). "Under Georgia law, the nonoccurrence of a condition precedent discharges the obligor's duty to perform." *Gymco Const. Co. v. Architectural Glass & Windows, Inc.*, 884 F.2d 1362, 1364-65 (11th Cir. 1989).

Because of this law, Georgia courts routinely refer to a breach of the cooperation clause as an affirmative defense to coverage but *never* as an independent cause of action for money damages. *H.Y. Akers & Sons*, 120 Ga. App. at 803 ("The co-operation clause is a material condition of a liability policy and a breach of it in any material respect relieves the insurer of liability."); *Hurston v.*

*Georgia Farm Bureau*, 148 Ga. App. 324, 325 (1978) (same); *S. Gen. Ins. Co. v. Thomas*, 197 Ga. App. 196, 197 (1990) ("Under applicable law, the tortfeasor's failure to cooperate *can,* under certain circumstances, form the legally sustainable basis for his liability carrier's denial of coverage.") (emphasis in original). *Vaughan v. ACCC Ins. Co.*, 314 Ga. App. 741, 742 (2012) ("Once a plaintiff establishes his right to payment of a judgment against the insured tortfeasor, the insurer may defend against the claim by showing that it properly withdrew its coverage of the underlying incident because its insured failed to cooperate in her defense.").

Notably, AmFam's cooperation clause presents itself as a condition precedent to coverage. (*Supra*, notes 1 and 2) Nothing within the AmFam policy hints that a failure of a condition precedent to coverage will give rise to a cause of action. "[T]he **conditions** and provisions of contracts of insurance will be strictly construed against the insurer who prepares such contracts." *Hartford v. Smith*, 268 Ga. App. 224, 226 (2004) (emphasis added).

### **4.** **Conclusion.**

Under the most reasonable authority available, the Restatement and Georgia law, an insurer has no cause of action for money damages arising out of the breach of a condition precedent to coverage. Such a breach gives rise to a coverage defense but does not create a cause of action. This Court should grant this motion.

Respectfully submitted March 12, 2021.

                              */s/ Richard E. Dolder*
                              James ("Jay") Sadd
                              Georgia Bar No. 622010
                              Richard E. Dolder, Jr.
                              Georgia Bar No. 220237
                              SLAPPEY & SADD
                              352 Sandy Springs Circle
                              Atlanta, Georgia 30328
                              (404) 255-6677 (telephone)
                              jay@lawyersatlanta.com
                              rich@lawyersatlanta.com
                              Attorneys for Mr. Almassud

## CERTIFICATE OF SERVICE

The foregoing **MOTION FOR JUDGMENT ON THE PLEADINGS REGARDING CLAIM FOR BREACH OF COOPERATION CLAUSE** was filed electronically with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the attorneys of record for all parties. I further certify that the foregoing was prepared in Time New Roman 14 pt font and otherwise complies with Local Rule 5.1.

Respectfully submitted March 12, 2021.

> */s/ Richard E. Dolder*
> Richard E. Dolder
> Georgia Bar No. 220237
> SLAPPEY & SADD, LLC
> 352 Sandy Springs Circle
> Atlanta, Georgia 30328
> (404) 255-6677 (voice)
> rich@lawyersatlanta.com
> Attorney for Mr. Almassud