IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| AMERICAN FAMILY INSURANCE COMPANY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ABDULMOHSEN ALMASSUD, )<br>)<br>Defendant. )<br>) | CIVIL ACTION<br>FILE NO. 1:16-cv-04023-RWS |

**DEFENDANT ALMASSUD'S REPLY REGARDING
HIS MOTION FOR JUDGMENT ON THE PLEADINGS
REGARDING CLAIM FOR BREACH OF COOPERATION CLAUSE**

American Family Insurance Company drafted a policy that provides a single remedy for breaching the cooperation clause: The right to deny coverage. This Court, therefore, should rule that AmFam may not recover money damages for failure to cooperate and that its breach of contract claim fails as a matter of law.

**1.  Cooperation is a "duty" under the insurance contract, but the insurance contract expressly limits AmFam's remedies for an insured's breach of that duty.**

AmFam contends its remedy for failure to cooperate is not limited to denying coverage because cooperation is a "duty" in addition to being a "condition precedent." AmFam is correct that its policy requires cooperation under a section

titled "Other Duties" as well as under a subsection titled "General Conditions". (Doc 1-1 at ECF p.5, §B and Doc 1-1 at ECF p.10)  However, the "Other Duties" subsection is preceded by a provision that expressly limits AmFam's remedies for a breach of those duties as follows:

> If we are prejudiced by a failure to comply with the following duties, **then we have no duty to provide coverage** under this policy.

(Doc 1-1 at ECF p.5) (emphasis added).  Thus, the provision on which AmFam relies provides a single remedy:  The right to deny coverage.

Parties are free to create contracts that restrict remedies and exclude recoverable damages.  *Imaging Sys. Int'l, Inc. v. Magnetic Resonance Plus, Inc.*, 227 Ga. App. 641, 644 (1997) ("even though this contract provision may severely if not completely restrict [plaintiff's] ability to recover for this breach of contract, parties are free to agree to such provisions").  "Absent a public policy interest, contracting parties are free to contract to waive numerous and substantial rights, including the right to seek recourse in the event of a breach by the other party." *Id*.

"Absent a limiting statute or controlling public policy, parties may contract with one another on whatever terms they wish **and the written contract defines the full extent of their rights and duties**."  *Orkin Exterminating Co. v. Stevens*, 130 Ga. App. 363, 368-69 (1973) (enforcing clause that limited remedies for breach of contract) (emphasis added).  "Under Georgia law, to the extent that

2

consequential damages are recoverable in breach of contract actions, a clause excluding such damages is valid and binding unless prohibited by statute or public policy." *US Nitrogen, LLC v. Weatherly, Inc.*, 343 F. Supp. 3d 1354, 1363 (N.D. Ga. 2018).

In this case, AmFam's policy includes "Other Duties" and expressly states that if the insured fails to comply "then we have no duty to provide coverage under this policy." (Doc 1-1 at ECF p. 5, §B)  Denying coverage is the sole remedy set forth in the policy provision, and the provision lists no other remedies.  Thus, the omission is "notable", "intentional" and implies the exclusion of other remedies.[1]

AmFam was free to draft such a provision, even though it may limit its remedies for such a breach. *Imaging Syst.*, *supra*.  The insurance policy is a written contract, and AmFam was free to define the full extent of its rights and MJ's duties therein. *Orkin*, *supra*.  Ironically, insurance companies are usually the

---

[1] "This omission is notable [and] triggers a well-known principle of construction – applicable to statutes and contracts alike – '*expressio unius est exclusion alterius*' or the express mention of one thing implies the exclusion of another." *Copeland v. Home Grown Music, Inc.*, ___ Ga. App. ___, 2021 WL 837080, at *4 (Mar. 5, 2021).  The rule further "requires [courts] to conclude that such omission was intentional." *Id*.  *See also*, *H&E Innovation, LLC v. Shinhan Bank Am., Inc.*, 343 Ga. App. 881, 886-87 (2017) ("By stating that 'the first mortgage on Greenville property remains intact,' the Settlement necessarily implies that the Second Mortgage on the same property would *not* remain intact".).

parties who ask courts to interpret insurance policies as written without fear or favor. Doing so in this case, the plain terms of the policy limit AmFam's remedies for breach of "Other Duties" to withdrawing coverage. Similarly, and as shown in the main brief in support of this motion, breach of the cooperation clause in the conditions precedent section is similarly limited to withdrawing coverage or a defense.[2] Because the existence of coverage is moot in this action, AmFam has no remaining remedy for breach of the duty to cooperate.

### 2. Georgia statutes do not require this Court to ignore provisions limiting damages.

AmFam relies on O.C.G.A. § 13-6-6, which reads as follows:

In every case of breach of contract the injured party has a right to damages, but if there has been no actual damage, the injured party may recover nominal damages sufficient to cover the costs of bringing the action.

That statute does not prohibit AmFam from drafting an insurance contract that limits it remedies. *US Nitrogen*, 343 F. Supp. 3d at 1363 (enforcing clause that excluded consequential damages as not "prohibited by statute"). "In Georgia

---

[2] *E.g.*, *Philadelphia Indem. Ins. Co. v. Stebbins*, 2002 WL 31875596, *6 (N.D. Tex.) (ruling that because an insured's failure to cooperate "does not create an affirmative cause of action," an insurer's claim for money damages for such a breach fails as a matter of law) *and Koken v. Auburn Mfg., Inc.*, 2004 WL 51100 (D. Me.) (breach of "condition precedent" to coverage limits remedy to denial of coverage and does not provide cause of action for money damages).

4

there is no generally applicable rule of law forbidding one contracting party from waiving all recourse in the event of breach by the other." *Precision Plan., Inc. v. Richmark Communities, Inc.*, 298 Ga. App. 78, 79 (2009).  The statute provides a remedy, but it in no way prohibits parties from drafting contracts that remove that remedy from the table.  This is particularly true in a case such as this, where the party waiving the remedy is the one with superior bargaining power and the one who drafted the provision.

Other statutes confirm that parties may contract around the remedy of nominal damages:

> If the parties agree in their contract what the damages for a breach shall be, they are said to be liquidated and, unless the agreement violates some principle of law, the parties are bound thereby.

O.C.G.A. § 13-6-7.

AmFam could have easily drafted a cooperation clause or list of conditions precedent that preserved a right to money damages for breach.  Instead, consistent with the prevailing practice in the insurance industry, AmFam drafted an insurance policy to sell to consumers that specified a sole remedy:  coverage denial.  Because AmFam's right to deny coverage is moot, this Court should grant this motion.

5

### 3. AmFam invented a count for breach of the duty of good faith and fair dealing.

*a. AmFam did not allege a count for breach of the duty of good faith and fair dealing.*

Suddenly, and seemingly out of thin air, AmFam purports to have a separate claim for an alleged breach of the covenant of good faith and fair dealing. No such count appears in AmFam's Second Amended Complaint. (Doc 364) AmFam did not allege it as a separate count, so it is not a separate count. Although the words "good faith and fair dealing" do appear in the Second Amended Complaint, they are a description of a factual allegation supporting the count for breach of contract. (Doc 364 at ECF p.49, ¶145) The amended complaint cannot be fairly read to include a separate claim for breach of the covenant of good faith and fair dealing. This Court should rule that AmFam did not assert a separate count for breach of the duty of good faith and fair dealing.

*b. AmFam did not move to add a claim for breach of the duty of good faith and fair dealing.*

"A motion for leave to amend should either set forth the substance of the proposed amendment or attach a copy of the proposed amendment." *Long v. Satz*, 181 F.3d 1275, 1279 (11th Cir. 1999). In this case, AmFam chose to attach a copy of its proposed amended complaint to its motion to amend. (Doc 318-1) In it, AmFam set forth only four counts: Breach of Contract; Implied Contract; Unjust

6

Enrichment and Attorneys' Fees.  AmFam's proposed second amended complaint included no reference to a claim for breach of the implied covenant of good faith and fair dealing.  (Doc 318-1)  When AmFam filed its Second Amended Complaint, it included no count for breach of the implied covenant of good faith and fair dealing, but used the phrase in an allegation supporting its breach of contract claim.  (Doc 364 at ECF p.49, ¶145)  AmFam is pretending to have asserted a claim it never asserted and never sought leave to assert.[3]

Because AmFam never moved to amend its complaint to allege a count for breach of the duty of good faith and fair dealing, this Court never gave leave for AmFam to add such a count.  Because this Court never granted leave to assert it, this Court should not recognize it as asserted now.  MJ made this argument with respect to misrepresentation claims AmFam inserted into its Second Amended Complaint without first obtaining leave to do so.  This Court dismissed those claims on the merits and declined to decide whether they were improper procedurally.  (Doc 370 at ECF p.31)  AmFam has again brought the issue to fore.

---

[3] AmFam never mentioned the cause of action in response to MJ's motion to dismiss. (Doc 367)  If AmFam had a subjective belief at that time that it had alleged such a cause of action, it would have raised it to make the same argument it makes now.  AmFam did not mention a cause of action regarding good faith and fair dealing because it did not believe it had alleged one.  AmFam's silence about the cause of action confirms it is something AmFam recently invented.

This Court should reject AmFam's continued expansion of this action without having first obtained leave of court. Because this Court never granted leave to add a claim for breach of the duty of good faith and fair dealing, this Court should rule that no such count was added in this case.

        c.    *AmFam never alleged it is entitled to nominal damages for breach of the duty of good faith and fair dealing.*

This Court very generously allowed AmFam to preserve its breach of contract claim to seek nominal damages: "Accordingly, the Court holds that AmFam can seek nominal damages under its breach of contract claim." (Doc 370 at ECF p.17)  This Court made no such ruling with respect to a claim for breach of the covenant of good faith and fair dealing. AmFam did not allege the right to recover nominal damages in its amended complaint, but raised the issue of nominal damages for the first time in response to MJ's motion to dismiss. (Doc 367 at ECF p.18)  As this Court recognized, AmFam gave nominal damages "scant attention". (Doc 370 at ECF p.16, n. 6)  Although AmFam gave nominal damages scant attention with regard to its claim for breach of the cooperation clause, AmFam gave no attention to nominal damages in connection with its newly invented count for breach of the duty of good faith and fair dealing. AmFam gave it no attention, because AmFam did not view breach of the duty of good faith and fair dealing to be a separate count about which to argue.  This is a newly invented claim.

This Court has ruled that the sole damages remaining for AmFam to possibly recover are nominal damages. AmFam never alleged nor argued that it was entitled to nominal damages for breach of the covenant of good faith and fair dealing, and this Court should recognize that no such claim was properly alleged in this action.

> d. *Any claim for breach of the duty of good faith and fair dealing fails as a matter of law.*

MJ does not dispute that every contract impliedly requires good faith and fair dealing. However, "the covenant cannot be breached apart from the contract provisions that it modifies and therefore cannot provide an independent basis for liability." *Layer v. Clipper Petroleum, Inc.*, 319 Ga. App. 410, 419 (2012). In *Layer*, the court ruled that because a party could not prevail as a matter of law on claims "under the Cash Advance Agreement, he likewise could not prevail on his claim for breach of the implied covenant premised on the Cash Advance Agreement." *Id*.

The "implied covenant cannot be breached independently of the contract provisions it modifies." *Clark v. Aaron's, Inc.*, 914 F. Supp. 2d 1301, 1308 (N.D. Ga. 2012). In *Clark*, this Court allowed that a cause of action for breach of the implied covenant of good faith and fair dealing "may be pled simultaneously", but only if the plaintiff states a claim for breach of contract. *Id*. "There is no

9

independent cause of action for breach of the covenant of good faith and fair dealing under Georgia law." *Ahmed v. Air France-KLM*, 165 F. Supp. 3d 1302, 1313 (N.D. Ga. 2016). Rather, it "is a doctrine that modifies the meaning of all explicit terms in a contract, preventing a breach of those explicit terms de facto when performance is maintained de jure. But it is not an undertaking that can be breached apart from those terms." *Id*.

Applied to this case, even if AmFam had properly asserted a separate claim for breach of the covenant of good faith and fair dealing – which it did not do – such a claim cannot survive independently of the claim for breach of the cooperation clause. Because that claim fails as a matter of law for the reasons argued in this brief and the original motion, the ancillary claim also fails as a matter of law.

AmFam goes to great lengths to argue that the covenant of good faith and fair dealing exists, an argument MJ does not dispute, but AmFam does not explain why it is entitled to damages for such a breach when it is not entitled to damages as a matter of law for breach of the cooperation clause to which the covenant is ancillary. Although no such claim is actually before this Court, even if it were, the Court should rule that it fails as a matter of law with the breach of contract claim.

### 4. MJ cited good law that is well reasoned, and this Court should follow it in the absence of controlling Georgia law.

AmFam correctly notes that there is precious-little law on the availability of money damages for breach of the duty to cooperate. Of course, that is a two-way street, and AmFam presents precious-little law in its favor. Nonetheless, MJ stands by his presentation of the existing case law as outlined in his original brief. It is well-reasoned, cites concepts of insurance law similar to Georgia, relies on policy provision similar to those in the AmFam policy, and makes perfect practical sense. MJ need not belabor the issue and refers the Court to his original brief and the cases themselves.

### 5. The motion is procedurally timely.

At the time MJ filed his motion, the pleadings were closed. MJ's motion to reinstate his failure-to-settle claim did not reopen the pleadings. Only this Court can reopen the pleadings. This Court may rule on this motion, and this Court should grant it.

Respectfully submitted April 9, 2021.

                                               */s/ Richard E. Dolder, Jr.*
                                               James ("Jay") Sadd
                                               Georgia Bar No. 622010
                                               Richard E. Dolder, Jr.
                                               Georgia Bar No. 220237
                                               SLAPPEY & SADD
                                               352 Sandy Springs Circle
                                               Atlanta, Georgia 30328
                                               (404) 255-6677 (telephone)
                                               jay@lawyersatlanta.com
                                               rich@lawyersatlanta.com
                                               Attorneys for Defendant

## CERTIFICATE OF SERVICE

The foregoing **DEFENDANT ALMASSUD'S REPLY REGARDING HIS MOTION FOR JUDGMENT ON THE PLEADINGS REGARDING CLAIM FOR BREACH OF COOPERATION CLAUSE** was filed electronically with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the attorneys of record for all parties. I further certify that the foregoing was prepared in Time New Roman 14 pt font and otherwise complies with Local Rule 5.1.

Respectfully submitted April 9, 2021.

>  */s/ Richard E. Dolder*
>  Richard E. Dolder
>  Georgia Bar No. 220237
>  SLAPPEY & SADD, LLC
>  352 Sandy Springs Circle
>  Atlanta, Georgia 30328
>  (404) 255-6677 (voice)
>  rich@lawyersatlanta.com
>  Attorney for Defendant